

NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 21, 2008**                                                               **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROGER GLENN COLE, | § | Case No. 08-30725-HDH-11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| ALL STAR FORD HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Adversary No. 08-03134 |
| | § | |
| ROGER GLENN COLE, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On July, 15, 2008, this Court conducted a hearing in the above referenced bankruptcy case and adversary proceeding. All Star Ford Holdings, LLC ("Movants") filed a motion to transfer venue to the Western District of Washington. Movants also filed a motion to dismiss for improper venue or, in the alternative, to transfer venue for

the underlying bankruptcy proceedings. These findings and conclusions will address both motions.

The movants assert that Roger Glenn Cole ("debtor") did not establish domicile or residence 91 days before the bankruptcy was filed, and thus venue is improper. Alternatively, movants argue that a change of venue for both the adversary proceeding and the underlying bankruptcy is within this Court's power and is appropriate based on convenience and fairness.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) (I) & (O). The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:

### *Findings of Fact*

1. Debtor filed a Chapter 11 bankruptcy case on February 10, 2008.

2. Debtor moved to Texas in late October 2007. Debtor had been a resident of Washington since 2001. Debtor moved, with his family, and all of their personal belongings.

3. In early October, prior to moving to Texas, debtor interviewed with Vandergiff Hyundai and arranged for employment with that company in Texas. Debtor also set up a mailbox in Texas in early October 1, 2007.

4. When debtor first arrived in Texas during October 2007, he and his family stayed at his brother's home. During that time, the debtor searched for housing for his family. Debtor was able to procure his current residence in Crandall, Texas in mid November, 2007.

5. Debtor enrolled his children in school in Crandall, Texas on or about November 1, 2007.

6. Debtor began working for Vandergiff Hyundai on December 1, 2007.

7. The debtor's creditors are located in Texas, Washington, and various other states..

8. All Star Ford Holdings operates its principal place of business in the state of Washington. Many documents potentially relevant to the adversary proceedings are kept in Washington, and some potential witnesses reside in Washington. The two primary witnesses for the adversary proceeding are the debtor and Dorian Boyland, a resident of Florida.

9. Any Conclusion of Law may also be deemed a Finding of Fact.

### *Conclusions of Law*

1. The party challenging venue bears the burden to prove improper venue by a preponderance of the evidence. Venue is presumed to be proper in the district where the debtor filed for bankruptcy protection. *See In re Peachtree Lane Assocs.*, 150 F.3d 788, 792 (7th Cir. 1998); *see also In re Handel*, 253 B.R. 308 (B.A.P. 1st Cir. 2000); *In re Pettit*, 183 B.R. 6 (Bankr. D. Mass. 1995); *In re Farmer*, 288 B.R. 31 (Bankr. N.D.N.Y. 2002).

2. 28 U.S.C. section 1408 provides that:

    [A] case under title 11 may be commenced in the district court for the district—
    (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district…

    28 U.S.C. § 1408.

3. It is not necessary for the filing party to show that the district in which the case was filed is appropriate based on all factors. The tests of domicile, residence, principal place of business, and location of principal assets should be viewed as alternative tests. *In re Brody*, 247 B.R. 470 (B.A.P. 8th Cir. 2000).

4. Domicile requires both residence and the intent to remain indefinitely. *Williamson v. Osenton*, 232 U.S. 619, 625 (1914). Though the debtor's stated intent to remain indefinitely is relevant, it is not determinative. If objective actions conflict with the party's stated intent, then such testimony should be discounted. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). Courts should consider all evidence that indicates the debtor's intent, including "places where the litigant exercises civil and political rights, pays taxes, owns real and personal

property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id*.

5. Though residence is a component of domicile, the two tests are not equivalent. Unlike domicile, residence can be established without a showing of intent, and a debtor may have more than one residence. *See In re Tonko*, 87 B.R. 372, 375 (Bankr. E.D. Pa. 1988); *see also In re Marisco*, 2002 BNH 15 (Bankr. D.N.H. 2002). In fact, "a less permanent occupancy will suffice" in order to establish residence than is required to establish domicile. *In re Pettit*, 183 B.R. 6 (Bankr. D. Mass. 1995). Residence is simply "where the individual is physically present much of the time." *Eastman v. University of Michigan*, 30 F.3d 670, 673 (6th Cir. 1994).

6. There is no requirement that the debtor must have established his own residence, other than his brother's, prior to November 11, 2007, the date 91 days before the filing of the bankruptcy. The Debtor's living with his brother and the debtor's lease in Crandall may be used to establish the debtor's presence and residence in the state of Texas for the period required by the code. Because the debtor spent the majority of the 180-day period before the filing of the bankruptcy in the state of Texas, the residency test is clearly satisfied and venue is proper.

7. Additionally, the evidence in this case is also sufficient to establish the debtor's domicile in the state of Texas. After selling his home in Washington, the debtor moved his belongings and his family to Texas. He temporarily stayed at his brother's home until ultimately signing a lease in Crandall. He enrolled his children in school in Texas, and began work for a Texas company. The debtor subsequently opened a Texas bank account and registered to vote in the state of Texas. Additionally, debtor has testified that he has no intention of returning to Washington or moving elsewhere. His testimony is that he moved to Texas with the intent to make Texas his permanent home.

8. The physical activities paired with evidence of the debtor's objective intent establishe domicile before November 11, 2008.

9. Even though it has been established that venue in this Court is proper, this Court may transfer the case to another venue in the interest of fairness and convenience to the parties. Factors to be considered include:

    (1) [t]he proximity of creditors of every kind to the Court; (2) [t]he proximity of the bankrupt (debtor) to the Court; (3) [t]he proximity of the witnesses necessary to the administration of the estate; (4) [t]he location of the assets; (5) [t]he economic administration of the estate; (6) [t]he necessity for ancillary administration if bankruptcy should result.

    *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir. 1979).

10. An application of the *Commonwealth Oil* factors does not warrant transfer of this case to the Western District of Washington. The two principal parties to this case, the debtor and Mr. Dorian Boyland, are not located in Washington, but in Texas and Florida, respectively. The majority of the debtor's creditors are located in Texas and states other than Washington. The majority of the debtor's assets are located in Texas. Finally, "[t]he most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate." The debtor will be most able to participate in chapter 11 proceedings and to fund a chapter 11 plan by remaining in Texas and maintaining his employment in Texas.

11. 28 U.S.C. section 1409 provides that:

    (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under tile 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

    28 U.S.C. § 1409.

12. The presumption is that civil adversary proceedings should be litigated in the same venue as the underlying bankruptcy case. *Hohl v. Bastian*, 279 B.R. 165, 177 (W.D. Pa. 2002). The adversary proceeding between the movants and the debtor is a dischargeability action, intended to determine whether certain debts should be excepted from the discharge the debtor will receive in the underlying bankruptcy case. "A proceeding to determine the dischargeability of debt goes to the heart of the 'fresh start' policy of the Bankruptcy Code." *Hunsucker v. Anderson (In re Anderson)*, 2006 Bankr. LEXIS 3175 (Bankr. N.D. Ga. October 30, 2006). The court handling the underlying bankruptcy case is best equipped to handle such dischargeability actions, and "[a]bsent extraordinary circumstances, transfer of a dischargeability proceeding should not occur." *Id*.

13. The justifications for transfer of venue offered in this case focus merely on the location and availability of witnesses and documents. However, it should again be noted that the two principal parties and witnesses are located in Texas and Florida, making Washington no more convenient than Texas for these individuals. Additionally, the debtor likely would be unable to litigate this proceeding in Washington due to lack of funds.

14. Movants have not overcome the strong presumption that the adversary proceeding should be tried along with the core bankruptcy case.

15. Any Finding of Fact may also be deemed a Conclusion of Law.

###End of Findings of Fact and Conclusions of Law###